UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES FRANCIS DOWLING,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN MCMAHILL, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, JASON LAFRENIERE, SALIE CARTER, et al.<br><br>Defendants. | Case No. 2:25-cv-00774-CDS-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMENDATION** |

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). The Application is complete and granted below.

**I.    SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's Complaint is largely premised on the aftermath from times Plaintiff was sexually assaulted before and during his time in prison. ECF No. 1-1 at 2. While at Clark County Detention Center ("CCDC"), Plaintiff says that he was sexually assaulted on numerous occasions by another inmate. *Id*. Plaintiff notes that he was 18 years old when sexually assaulted outside of the custody of the state, and 19 years old when sexually assaulted at CCDC. *Id*.

At CCDC, and thus under the supervision of the Las Vegas Metropolitan Police Department ("LVMPD"), Plaintiff maintains that from October 14, 2022 to January 16, 2023, and December 28, 2023 to June 2, 2025, LVMPD denied him access to victim advocates and counselors. *Id*. at 3. Plaintiff submits that he made in-person and electronic requests and filed grievances over the lack of access to victim counselors to assist him in the healing process following reported sexual assaults. *Id*. Further, Plaintiff says that between October 14, 2022 and April 10, 2023, LVMPD denied his requests and grievances for protection[1] and for "record copies." *Id*. It is unclear to the Court what "record copies" Plaintiff refers to, or how it factors into his Complaint. LVMPD denied these requests, and in turn, Plaintiff filed grievances for "interference against sanctions and disciplinary proceedings [Plaintiff] received as a public school pupil … for reporting and seeking assistance" following his reporting of certain conduct. *Id*.

Plaintiff also alleges that between May 29, 2023 and June 2, 2025, LVMPD published false information about him, including his age and relationship status, and denied requests to correct the information. *Id*. at 4. Plaintiff says LVMPD provided inaccurate information to the media. *Id*.

---

[1]   While it is not clear, it seems Plaintiff may be requesting protection from an inmate who sexually assaulted him while at CCDC. *Id*. at 3.

2

Plaintiff maintains that he reported the errors orally and electronically, but nothing came of the reports. *Id*. At the same time, Plaintiff alleges that LVMPD published false information about statements he gave to investigators. *Id*. Plaintiff says LVMPD published false information about his "case intentions" and "twist[ed]" his speech referencing past sexual assault, child molestation, and domestic violence. *Id*. Plaintiff references "twist[ed]" speech relating to the solicitation of murder, but it is unclear to what he is referencing. *Id*. Plaintiff says that these errors were made despite the fact that "Kevin McMahill and LVMPD knew of or should've known [Plaintiff] was born [on] February 2, 2004," and that he was a "documented victim of numerous cases of abuse." *Id*.

Further, Plaintiff alleges that between July 5, 2023 and June 2, 2025, LVMPD made it difficult for Plaintiff to file the above requests and grievances. *Id*. at 5. Specifically, Plaintiff says that he was directed by LVMPD to make his requests through "inmate paper kites," but when the paper kites were denied, he was instructed to file the kites electronically. *Id*. After electronic kites were denied, Plaintiff says LVMPD again directed him to file paper kites. *Id*. Plaintiff alleges that LVMPD and Nevada Department of Corrections staff have met his requests with delays. *Id*. Thus, Plaintiff alleges that Sheriff McMahill "knew or should have known" that LVMPD's policies relating to victim services for incarcerated individuals violates federal and state laws. *Id*.

### III.  DISCUSSION

Plaintiff alleges three claims for relief. First, Plaintiff alleges a violation of the 18 USC § 3771 for instances when he was denied access to a victims advocate or counsel and protection. *Id*. at 3. Second, Plaintiff raises a claim for libel for inaccurate information disseminated by LVMPD. *Id*. at 4. Third, Plaintiff asserts an additional claim under 18 USC § 3771 for inadequacies in the request and grievance process at CCDC. *Id*. Altogether, Plaintiff requests $5 million for medical and psychological healthcare costs, $5 million for fraud and defamation, and $1 million for denial of records and victim rights. *Id*. at 6.

a.  <u>There is No Cause of Action Under 18 U.S.C. § 3771</u>.

Section 3771 of Title 18 of the United States Code provides for the Rights of Crime Victims. 18 U.S.C. § 3771. The statute explicitly provides that "[n]othing in this chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation

to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages." *Id*. § 3771(d)(6). Likewise, district courts across the Ninth Circuit have found that this statute does not confer a private right of action. *E.g. Ryan v. Contreras*, Case No. 2:25-cv-0925-DJC-JDP (PS), 2025 WL 1733280, at *1 (E.D. Cal. June 23, 2025), *report and recommendation adopted*, Case No. 2:25-cv-0925-DJC-JDP (PS), 2025 WL 2105941 (E.D. Cal. July 28, 2025) (citing *Cobb v. Cnty. of Mohave*, Case No. CV-24-08021-PCT-MTL (JZB), 2025 WL 509248, at *3, (D. Ariz. Feb. 14, 2025); *see also Wagner v. Kallery*, Case No. 6:22-CV-00069-AA, 2022 WL 2048601 (D. Or. June 7, 2022) (noting in addition that the statute only applies to victims of federal crimes). Thus, the Court finds that Plaintiff's first and third claims fail as a matter of law. The Court recommends Plaintiff's first and third claims be dismissed with prejudice because amendment would be futile.

    b. <u>Liberally Construed, Plaintiff Fails to State a Claim Under the Eighth Amendment for Failure to Protect</u>.

The Court liberally construes Plaintiff's allegations regarding a failure to protect him from assault as a claim arising under the Eighth Amendment protect claim. The Eighth Amendment establishes that "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations and quotations omitted). To state a failure to protect claim, Plaintiff must establish (1) the alleged constitutional deprivation must objectively be "sufficiently serious," and (2) the prison officials were deliberately indifferent to serious threats to an inmate's safety or health. *Id*. at 834, 837. Deliberate indifference means that "the official [knew] of and disregard[ed] an excessive risk to inmate … safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id*. at 837; *see also Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (explaining that subjective deliberate indifference standard under the Eighth Amendment is well established).

Plaintiff alleges that despite requests for protection he was repeatedly sexually assaulted by another prisoner. This allegation is sufficiently serious to implicate Plaintiff's Eighth Amendment rights. *See Farmer*, 511 U.S. at 833-34. However, Plaintiff has not pleaded which Defendants were

"deliberately indifferent" or facts to support this standard. Because Plaintiff may be able to amend his Complaint to include facts supporting deliberate indifference, the Court dismisses this claim without prejudice and with leave to amend.

   c. <u>Plaintiff's Attempt to State a Violation of the Fourteenth Amendment Fails Because Inmates do Not Have Separate Due Process Rights to Administrative Grievance Processes</u>.

Plaintiff's third claim for relief, when broadly construed, allege deficiencies in the administrative grievance system. ECF No. 1-1 at 5. However, there is no separate constitutional right to a specific prison grievance system. *E.g. Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Edwards v. Estill*, Case No. 2:19-cv-01268-GMN-VCF, 2020 WL 6286233, at **7-8 (D. Nev. Oct. 26, 2020). Given the absence of a Fourteenth Amendment right, this claim fails as a matter of law. For this reason, the Court recommends Plaintiff's due process claim for failure to timely process kites and grievances be dismissed with prejudice.

   d. <u>Plaintiff Has Not Stated a *Monell* Claim</u>.

To the extent Plaintiff seeks to assert a claim against LVMPD he has not done so. Under *Monell v. Dept. of Soc. Servs*, 436 U.S. 658, 690-95 (1978), municipalities such as LVMPD can only be liable for the infringement of constitutional rights under limited circumstances not alleged in Plaintiff's Complaint. A plaintiff asserting a constitutional claim against a municipality like LVMPD under *Monell* must, at a minimum, allege: (1) the plaintiff had "a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted). Further, before a *Monell* claim will proceed to litigation, a plaintiff must allege one of three liability theories. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam). A local governmental entity like LVMPD may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Alternatively, LVMPD may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763 F.3d at 1170 (citation omitted). Finally, LVMPD may be liable under Section 1983 when "'the individual who

5

1  committed the constitutional tort was an official with final policy-making authority' or such an
2  official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier*
3  *v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979
4  F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro*, 833 F.3d at 1070.

5        Here, Plaintiff does not allege any facts supporting the existence of an express policy, a
6  longstanding practice or custom that led to constitutional harms or, alternatively, that the
7  constitutional harm was committed by an official with final policy-making authority or ratified by
8  such an individual. Because this claim is potentially stated in an amended complaint, the Court
9  dismisses Plaintiff's claims against LVMPD without prejudice and with leave to amend.

10       e.    <u>Plaintiff Does Not State a State Law Libel Claim</u>.

11       Under Nevada law, "[t]o state a claim for defamation, Plaintiff must allege (1) a false and
12 defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication a
13 third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages."
14 *Breslaw v. Cooper*, Case No. 2:25-cv-00384-APG-DJA, 2025 WL 1906066, at *3 (D. Nev. July 10,
15 2025) (quoting *Rosen v. Tarkanian*, 453 P.3d 1220, 1225 (Nev. 2019)). Here, Plaintiff alleges
16 LVMPD "falsified and published background information about [him] including [his] age and
17 relationship status" to the media. ECF No. 1-1 at 4. Plaintiff further alleges LVMPD falsified and
18 published information about his statements to investigators regarding the intentions of his case. *Id*.
19 What Plaintiff does not make clear is which statements, made by what Defendant, were false and
20 defamatory. For example, Plaintiff's reference of a solicitation of murder and "twisting of
21 documented speech" does not include when the statement was made, by whom it was made, and
22 facts demonstrating there was no privilege attached to the publication. *See Rosen*, 453 P.3d at 1225.

23       As is true for Plaintiff's Eighth Amendment failure to protect and *Monell* claims under the
24 U.S. Constitution, Plaintiff may be able to state facts sufficient to support this claim.

25 **IV.    ORDER**

26       IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF
27 No. 1) is GRANTED.

28

IT IS FURTHER ORDERED that the Clerk of Court is to file Plaintiff's Complaint (ECF No. 1-1) on the docket.

IT IS FURTHER ORDERED that the following claims are dismissed without prejudice and with **one opportunity** to amend:

1. Eighth Amendment Failure to Protect;
2. Claim arising under *Monell*
3. Libel under Nevada law.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so **no later than December 5, 2025**. The amended complaint must be titled "AMENDED COMPLAINT" and must be complete—meaning all facts and all claims Plaintiff wishes to assert must be stated in the amended complaint. Plaintiff must identify the individual or entity involved in the wrongdoing and allege facts that show that individual or entity engaged in conduct that supports the claim Plaintiff asserts. Plaintiff should not include in the amended complaint claims that are recommended for dismissal with prejudice below.

IT IS FURTHER ORDERED that failure to file an amended complaint in compliance with the terms of this Order will result in a recommendation to dismiss this matter in its entirety.

## V.    RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's 18 U.S.C. § 3771 and Fourteenth Amendment claims be dismissed with prejudice.

DATED this 5th of November, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections

1  within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that
2  (1) failure to file objections within the specified time and (2) failure to properly address and brief
3  the objectionable issues waives the right to appeal the District Court's order and/or appeal factual
4  issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991);
5  *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).